# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 18-cr-67 (TSC) |
| | ) | |
| **TAREK ABOU-KHATWA,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Following a jury trial, Defendant Tarek Abou-Khatwa was convicted of a complex, multi-year insurance fraud scheme and is scheduled to self-surrender on February 10, 2022 to begin his sentence. He is appealing his conviction and asks the court to delay his incarceration pending the outcome of that appeal. For reasons explained herein, the court will DENY Defendant's request.

## I. BACKGROUND

On November 8, 2019, a jury convicted Defendant of one count of health care fraud, in violation of 18 U.S.C. § 1347; three counts of making false statements relating to health care matters, in violation of 18 U.S.C. § 1035; seven counts of mail fraud, in violation of 18 U.S.C § 1341; six counts of wire fraud, in violation of 18 U.S.C. § 1343; and five counts of identity theft, in violation of 22 D.C. Code § 3227.02(1) and 3227(a). The court sentenced him to 70 months imprisonment, followed by three years of supervised release. ECF 192. Specifically, the court sentenced Defendant to 60 months for count one, 36 months each for counts two through four, 70 months each for counts five through eleven and thirteen through eighteen, and 18 months each

for counts nineteen, twenty, and twenty-two through twenty-four. *Id.* All sentences were to run concurrently, and Defendant was permitted to self-surrender to begin his imprisonment. *Id.*

Defendant was originally scheduled to surrender on July 14, 2021; however, upon Defendant's request, and with the government's consent, the court has delayed his start date three times. The first and second delays were to accommodate Defendant's health issues, which Defendant detailed in motions filed under seal. *See* ECF Nos. 197, 200. The third delay was to allow the parties the opportunity to brief the present motion: Defendant's request that he be released pending his appeal. As a result, Defendant's term of imprisonment is now set to begin on February 10, 2022.

Defendant is currently appealing his conviction to the D.C. Circuit.[1] He advances four arguments on appeal. First, he challenges the court's denial of his motion to dismiss certain counts for lack of convergence. ECF No. 205-1, Def. Mot., Ex. 1 at 33–39. Second, he takes exception to the court's decision to allow the government to present evidence pursuant to Federal Rule of Evidence 404(b), including: (1) evidence regarding harm to clients, and (2) evidence of alleged bad acts that Defendant says occurred before the permissible statute-of-limitations period. *Id.* at 40–59. Defendant further argues that even if such evidence was relevant to a permissible purpose, its minimal probative value was substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading of the jury, or needless presentation of cumulative evidence, and therefore should have been excluded, or at least substantially limited. *Id.* Third, Defendant contends that the court abused its discretion by permitting the government to present two summary witnesses and charts at the close of its case. *Id.* at 59–66. And fourth,

---

[1] Defendant filed his opening appellate brief on November 1, 2021. The government filed its opposition brief on January 7, 2022, and Defendant filed his reply brief on January 28, 2022. *See United States v. Abou-Khatwa*, No. 21-3036 (D.C. Cir. June 11, 2021).

he argues that the cumulative effect of the court's errors was an unfair trial requiring reversal. *Id.* at 66–67.

Defendant now moves to forestall this court's sentence until resolution of his appeal. ECF No. 205, Def. Mot. He asks the court to fashion terms of continued release that will both ensure his surrender at the conclusion of the appellate process and allow him to remain on release in the meantime. The government opposes.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3143(b)(1), the court must detain a defendant pending appeal unless it finds:

(1) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released,

(2) that the appeal is not for the purpose of delay, and

(3) that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

In assessing a motion for release pending direct appeal, the conviction is presumed valid, *United States v. Perholtz*, 836 F.2d 554, 556 (D.C. Cir. 1988), and the defendant bears the burden of rebutting that presumption, *United States v. Han*, No. CR 15-142 (JEB), 2018 WL 6573453, at *1 (D.D.C. Dec. 13, 2018); *see also United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986) (finding defendant must "demonstrate that he has a substantial question to present [on appeal] before he may be admitted to bail"). To determine whether a substantial question

exists, the court must inquire whether the defendant has raised an issue that is "a close question or one that very well could be decided the other way." *Perholtz*, 836 F.2d at 555-56 (finding that "close question" standard is "more demanding" than one that requires the inquiry to be "fairly debatable," "fairly doubtful," or simply "not frivolous").

### III.    ANALYSIS

The government concedes, and the court agrees, that Defendant "does not pose a flight risk or a danger to the community"[2] and that Defendant's appeal is not a dilatory tactic. *See* Def. Opp'n at 4. The present dispute instead centers on whether Defendant's appeal raises a substantial question of law likely to result in reversal or an order for a new trial.

Defendant argues that he has presented "substantial questions of law likely to result in reversal/and or a new trial" and that the "'best evidence' of the substantiality of the questions [he] has raised on appeal is his recently filed opening brief filed in his appeal." Def. Mot. at 7. He contends that the first argument he makes on appeal—that the court should have dismissed Counts 1 and 5–18 for a lack of convergence—presents a legal question that is novel in this Circuit and supported by "substantial authority" in other Circuits and the Supreme Court. *Id.*

The government disputes that Defendant has presented a "substantial question of law" likely to result in reversal or a new trial as to Counts 1 and 5–18. It further argues that even if

---

[2] Since his initial arrest in March 2018, Defendant has been on release and remained compliant with his conditions of release. He has not been charged with any additional crimes and appeared at all court hearings. Following his trial conviction, the court allowed Defendant to remain on release pending sentencing, finding by clear and convincing evidence that he is not a flight risk. *See* Trial Tr. at 1728-29 (Nov. 8, 2019). And following his sentencing, the court allowed him to remain on release and self-surrender at a later date because he satisfied the conditions of section 3143(a)(2), which requires clear and convincing evidence that a defendant is not likely to flee or pose a danger to anyone. *See* Sentencing Tr. at 77-78 (May 26, 2021). Defendant, to his credit, has not given the court any reason to second-guess those findings.

Defendant's appeal presented a "substantial question of law" regarding those counts, and even if he were to ultimately prevail in appealing his conviction on those counts, that alone would not justify his release because he still would face a three-year term of imprisonment on Counts 2–4, 19, 20, 22, and 24. Therefore, it argues, Defendant has not satisfied the requirements of 18 U.S.C. § 3143(b)(1) because he has not explained why his appeal presents substantial questions of law likely to result in reversal or a new trial as to *all* counts on which imprisonment was imposed. The court agrees.

Where a defendant has been sentenced to imprisonment on different counts of conviction, he "cannot be released unless the appeal raises a substantial question likely to result in reversal on all counts on which imprisonment is imposed." *Perholtz*, 836 F.2d at 557. Here, although Defendant argues that his appeal presents a "substantial question of law" as to the issue of convergence that he raises as to Counts 1 and 5–18, his motion does not address the remaining counts on which he was convicted. And while he appends his appellate brief "for the Court's consideration," and makes the vague assertion that "other appeal issues would require reversal and/or a new trial," Def. Mot. at 7–8, that is not enough to meet his burden. *See Davis v. Pension Benefit Guar. Corp.*, 734 F.3d 1161, 1167 (D.C. Cir. 2013) (declining to allow litigants to incorporate by reference into their brief arguments from a motion, "as this would circumvent the court's rules regarding the length of briefs"); *United States v. Saani*, 650 F.3d 761, 763 at n.* (D.C. Cir. 2011) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work.") (quoting N.*Y. Rehab. Care Mgmt., LLC v. NLRB*, 506 F.3d 1070, 1076 (D.C. Cir. 2007)).

Even considering Defendant's appellate briefs, the court finds that Defendant still falls short of presenting "substantial questions of law" likely to result in reversal or a new trial on all

counts on which imprisonment was imposed. The court has already considered and rejected Defendant's convergence and evidentiary objections before and during trial, and Defendant does not present new arguments or intervening case law that persuade this court that a "close question" exists on appeal. *See Perholtz*, 836 F.2d at 555-56. Though this court, like the court in *United States v. Adams*, 200 F. Supp. 3d 141, 144 (D.D.C. 2016), is "far from infallible," it believes it has properly dispensed of these issues.

## IV.     CONCLUSION

For the reasons explained above, the court will DENY Defendant's motion for release pending appeal pursuant to 18 U.S.C. § 3143(b)(1). Defendant shall self-surrender to the District of Columbia Department of Corrections Central Detention Facility in accordance with the court's prior orders. *See* Min. Order (Dec. 9, 2021); ECF No. 209, Order.


Date:  January 30, 2022


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge